**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **YUNIER FONSECA FUENTES #A241-688-510** | **CIVIL ACTION NO. 3:26-CV-02717 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **FIELD OFFICE DIRECTOR** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Yunier Fonseca Fuentes ("Fonseca Fuentes"), an immigration detainee at Jackson Parish Correctional Center in Jonesboro, Louisiana. Fonseca Fuentes seeks release from pre-removal-order detention.

Because Fonseca Fuentes is now subject to a final order of removal and detention is mandatory under § 1231(a)(2)(A), the Petition (Doc. 5) should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Fonseca Fuentes is a native and citizen of Cuba who was ordered removed on July 27, 2026.[1] He did not appeal. *Id.*

[1] https://acis.eoir.justice.gov/en/caseInformation

## II. Law and Analysis

Fonseca Fuentes challenges his continued detention without a bond hearing during removal proceedings. Doc. 1. An immigration judge has since ordered him removed, and Fonseca Fuentes did not appeal. The time within which to appeal has expired, so the immigration judge's removal order is now administratively final. *See* 8 C.F.R. § 1241.1. Accordingly, § 1225 no longer governs his detention; § 1231 does.

Once a removal order becomes administratively final, the Government generally has 90 days to effectuate removal. *See* 8 U.S.C. § 1231(a)(1)(A), (B)(i). Detention during that period is mandatory. *Id*. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

Fonseca Fuentes's removal order became final on or about August 26, 2026. Therefore, his 90-day removal period has not expired, and his detention is now mandatory under § 1231(a)(2)(A).

## III. Conclusion

Because Fonseca Fuentes's detention is now mandatory, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to Fonseca Fuentes's right to file a new petition should his post-removal-order detention become prolonged or otherwise unlawful.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 8th day of September, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE